## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

ANDREA DAVIS,             )
                                     )
          **Plaintiff,**      )
                                     )
          **v.**             )     **Case No. 3:20-cv-0112**
                                     )
DAWGS OF ST. JOHN, INC., d/b/a SUNDOG )
CAFÉ, MICHAEL BARRY, and BARBARA   )
BARRY,                  )
                                     )
          **Defendants.**    )
                                     )

**APPEARANCES:**

**Peter J. Lynch, Esq.**
FLAG LAW VI
ST. THOMAS, U.S. VIRGIN ISLANDS
    *For Plaintiff*

**Karin A. Bentz, Esq.**
LAW OFFICES OF KARIN A. BENTZ, P.C.
ST. THOMAS, U.S. VIRGIN ISLANDS
    *For Defendants*

## <u>MEMORANDUM OPINION</u>

**MOLLOY, Chief Judge**

    **BEFORE THE COURT** are the following motions: (1) Plaintiff's Motion to Remand (ECF No. 76), filed on December 30, 2022; [1] and (2) Defendants' Motion to Dismiss or Strike Amended Complaint (ECF No. 79), filed January 17, 2023.[2] Both motions are fully briefed and ripe for adjudication. For the reasons stated herein, the Court will deny Plaintiff's Motion to Remand and will grant, in part, and deny, in part, Defendants' Motion to Dismiss or Strike Amended Complaint.

---

[1] Defendants filed an opposition to the motion to remand on January 13, 2023, ECF No. 78, and Plaintiff filed a reply thereto on January 26, 2023, ECF No. 82.

[2] Plaintiff filed an opposition to the said motion on March 20, 2023, ECF No. 91, and Defendants filed a reply on March 27, 2023, ECF No. 94.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Defendants initiated this proceeding by filing a Notice of Removal (ECF No. 1) with the Court on November 9, 2020. Removal was timely, and federal question jurisdiction was evident from the face of the Complaint.[3] *See* ECF Nos. 1 and 1-1. Plaintiff did not contest removal, but, after Defendants filed their Answer, Affirmative Defenses, and Counterclaim (ECF No. 4), Plaintiff did file two separate motions to dismiss Defendants' counterclaims. *See* ECF Nos. 6 and 7. Defendants also filed two motions to dismiss. *See* ECF Nos. 34 and 39.

On December 16, 2022, the Court issued a Memorandum Opinion (ECF No. 73) and Order (ECF No. 74), disposing of the four motions to dismiss. The Court detailed its findings and, with regard to Defendants' motions to dismiss, ordered some counts and parts of some counts of the complaint dismissed with prejudice, and other counts, or parts thereof, dismissed without prejudice. The Court also ordered Plaintiff to "file an amended complaint consistent with this Order and accompanying Memorandum Opinion no later than December 30, 2022." Order (ECF No.74) at 2.

Plaintiff filed a First Amended Complaint with the Court on December 30, 2022. *See* ECF No. 75.[4] Based upon the amendments Plaintiff made in her amended complaint, wherein she removed her federal claims, she filed a motion to remand. Defendants countered by moving to dismiss or strike the amended complaint, asserting that some of the amendments Plaintiff incorporated therein go beyond the parameters set by the Court and that Plaintiff failed to seek leave to amend as to those amendments.

# II. LEGAL STANDARD

## A. Subject Matter Jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction. A federal district court can exercise subject matter jurisdiction based only upon federal question jurisdiction, diversity jurisdiction, and/or admiralty/maritime jurisdiction. *See, e.g., DeLagarde v. Tours*

---

[3] The facts and allegations of the complaint are recited in the Court's Memorandum Opinion issued on December 16, 2022. ECF No. 73. Because the underlying facts are not relevant to the two motions currently before the Court, the Court will not reiterate them here.

[4] The docket entry at ECF No. 75 consists of a notice of filing, with a clean copy and red-lined version of Plaintiff's First Amended Complaint attached thereto. The Clerk's office instructed Plaintiff to re-file the amended complaint without the notice and to use the corresponding docket event. The re-filed First Amended Complaint is docketed at ECF No. 77.

*VI Ltd.*, Case No. 3:20-cv-0093, 2022 U.S. Dist. LEXIS 34405, at *6-7 (D.V.I. Feb. 28, 2022); 28 U.S.C. §§ 1331-33.  Thus, if the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

Plaintiff seeks remand of this matter because her First Amended Complaint is devoid of federal claims. According to Plaintiff, in the absence of any federal claims, the Court no longer can exercise jurisdiction over this case.

### B. Involuntary Dismissal under Federal Rule of Civil Procedure 41(b)

Defendants ground their motion to dismiss upon Rule 41 of the Federal Rules of Civil Procedure. Subsection b of Rule 41 states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In this judicial circuit, a Rule 41(b) dismissal may be made upon motion by a party or *sua sponte* by the Court. *Dubois v. Gateway Serv. Station, LLC*, 2021 U.S. Dist. LEXIS 210348, at *3 (D.V.I. Nov. 1, 2021) ("Dismissal under Rule 41(b) is often preceded by a motion from a defendant. However, the Third Circuit has recognized that a district court has the authority to dismiss a case *sua sponte*, provided that the plaintiff is provided with an opportunity prior to dismissal to explain its reasons for failing to prosecute the case or to comply with a court order." (citing *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002))).

The decision to grant a Rule 41(b) dismissal is within the sound discretion of the Court. *See, e.g., Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (where the lower court dismissed with prejudice the plaintiff's remaining claims against the defendant pursuant to Rule 41(b) and the appellate court states," We review such an order for an abuse of discretion . . .. While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)), *cited in Hamer v. Livanova Deutschland GmbH*, 994 F.3d 173,

177 (3d Cir. 2021)); *Tallard Technologies, Inc. v. Iprovide Grp., Inc.*, Civil Action 2004-101, 2013 U.S. Dist. LEXIS 72284, at *6 (D.V.I. May 22, 2013) ("'A district court's decision to invoke this sanction is discretionary.'" (quoting *Andrews v. Gov't of V.I.*, 25 V.I. 284 (D.V.I. 1990) (additional citation omitted). When determining whether to grant such a dismissal, the Court generally weighs the factors outlined in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *Emerson*, 296 F.3d at 190; *see also Tallard Technologies*, 2013 U.S. Dist. LEXIS 72284, at *6 ("When considering dismissal as a sanction, a district court is ordinarily required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)").

### C. Striking a Pleading under Federal Rule of Civil Procedure 12(f)

In the alternative, Defendants move to strike Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading

Fed. R. Civ. P. 12(f). As this Court has stated:

> The court has "considerable discretion" in striking an allegation. *United States v. Southland Gaming of the V.I., Inc.*, 182 F. Supp. 3d 297, 317 (D.V.I. 2016). "The standard for striking a complaint or a portion of it is strict, and 'only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.'" *Id.* (quoting *Steak Umm Co., LLC v. Steak 'Em Up, Inc.*, 2009 U.S. Dist. LEXIS 101357, 2009 WL 3540786, at *2 (E.D. Pa. Oct. 29, 2009)).

*Dorval v. Tinsley*, Civ. No. 19-23, 2020 U.S. Dist. LEXIS 7215, at *13 (D.V.I. Jan. 15, 2020). At the same time, "such motions are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Scionti Constr. Grp., LLC v. Aptim Env't & Infrastructure, Inc.*, Civil Action 2020-034, 2022 U.S. Dist. LEXIS 153030, at *4 (D.V.I. Aug. 25, 2022) (citing *Griswold v. Coventry First LLC*, Civil Action No. 10-5964, 2015 U.S. Dist. LEXIS 19455, at *20 (E.D. Pa. Feb. 18, 2015) (quoting *River Road Dev. Corp. v. Carlson*

*Corp.*, Civil Action No. 89-7037, 1990 U.S. Dist. LEXIS 6201, at *7 (E.D. Pa. May 23, 1990)));
*see also, e.g., Luciano v. Tchrs. Ins. & Annuity Ass'n of Am. — Coll. Ret. Equities Fund*, Civil Action
No. 15-6726 (ZNQ) (DEA), 2022 U.S. Dist. LEXIS 64671, at *9 (D.N.J. Apr. 7, 2022) ("However,
'[m]otions to strike are generally viewed with disfavor[] and will usually be denied unless
the allegations in the pleading have no possible relation to the controversy[] and may cause
prejudice to one of the parties.'" (citations omitted)).

### III. DISCUSSION

### A. Plaintiff's Motion to Remand

On the same date that Plaintiff filed her First Amended Complaint, Plaintiff also filed
a Motion to Remand (Remand Mot.). In support of her motion, Plaintiff declares that her
amended complaint contains only state law and common law claims, that no federal question
remains, and that the parties lack diversity of citizenship. Remand Mot. at 2. Plaintiff
concludes that the Court now lacks subject matter jurisdiction and must remand the matter
to the Virgin Islands Superior Court. *Id*. Defendants oppose the motion, arguing that, by not
including the three federal counts from her original complaint without leave of Court,
Plaintiff's amended complaint violates Rule 15 of the Federal Rules of Civil Procedure.
Defendants' Opposition to Plaintiff's Motion to Remand to Superior Court (ECF No. 78) at 3-
4. Plaintiff retorts that she was ordered to amend her complaint and that she did so
"'consistent with'" the Court's Mem. Op. and Order. Plaintiff's Reply to Opposition to Motion
to Remand (ECF No. 82) at 1.

Although Plaintiff insists that she amended her complaint "consistent with" the
findings and directives of the Court, the Court finds otherwise. The scope of the Court's Mem.
Op. and Order are limited to the counts and claims raised by Defendants in their motions.[5]
In its ruling, the Court denied Defendants' motion to dismiss the federal claims contained in
Count II, as well as the claims in Counts VII and VIII as against the individual defendants. The
federal claims dismissed by the Court are those contained in Count I, in its entirety, and in

---

[5] Defendants' motion for judgment on the pleadings took issue with eight of the eleven counts enumerated in
Plaintiffs' original complaint. *See* Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c) (ECF No.
34), filed August 5, 2021; Mem. Op. (ECF No. 73) at 23. Defendants' motion to dismiss the individual defendants
was filed as against the entire complaint. *See* Motion to Dismiss Individual Defendants pursuant to Federal Rule
of Civil Procedure 12(c) (ECF No. 39), filed September 17, 2021; Mem. Op. (ECF No. 73) at 33.

*Davis v. Dawgs of St. John, Inc., et al.*
Case No. 3:20-cv-0112
Memorandum Opinion
Page 6 of 8

Count IX as to Defendants Michael and Barbara Barry, only. The Order, and by extension the amendments allowed, is confined to those two changes to the federal counts/claims. The Court's order does not give Plaintiff *carte blanche* to amend her entire complaint; she was specifically ordered "to file an amended complaint that comports with the findings herein and incorporates the Court's dismissal of Count I, parts of Count III, Count IV, parts of Count V, Count VI, and Count X; Counts II and IX as to the individual defendants; and, to cure the deficiencies, if possible, of Count X." Mem. Op. (ECF No. 73) at 40. Thus, other than the two amendments to the federal counts/claims set forth by the Court, the other federal claims and allegations in support thereof should have remained as pleaded in Plaintiff's original complaint. Further, the Court agrees with Defendants that, for any amendment not contemplated or encompassed by the Court's said Mem. Op. and Order, Plaintiff should have sought leave to amend under Fed. R. Civ. P. 15.

Also, Plaintiff appears to be under the impression that the elimination of federal claims deprives this Court of jurisdiction. Plaintiff is mistaken. As the Third Circuit Court of Appeals explains in *Collura v. City of Philadelphia*, 590 F. App'x 180 (3d Cir. 2014), if a district court has federal question subject matter jurisdiction at the time of removal, amending the complaint to withdraw federal claims after removal does not defeat jurisdiction:

> Collura's complaint clearly invoked the First, Fourth, and Fourteenth Amendments of the Constitution, and 42 U.S.C. § 1983. The District Court thus had original jurisdiction to consider those claims, see 28 U.S.C. § 1331, and had supplemental jurisdiction to consider his related state-law claims, see 28 U.S.C. § 1367. Removal was therefore proper under 28 U.S.C. § 1441, and remand was not required. See Green v. America Online (AOL), 318 F.3d 465, 470 (3d Cir. 2003). Collura also challenges the District Court's later orders denying removal (Dkt. #67 and #94). He believes that because he dropped his federal claims from his Second Amended Complaint, the District Court was required to remand his case to state court. However, federal jurisdiction cannot be defeated by amending a complaint to eliminate federal claims after removal. See Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir 1979); see also Ortiz-Bonilla v. Federación de Ajedrez de Puerto Rico, Inc., 734 F.3d 28, 36 (1st Cir. 2013) ("It is immaterial that a claimant in retrospect views her federal claims as surplus, or after removal, moves to strike the federal claims."). The District Court had subject matter jurisdiction over the removed complaint, and retained jurisdiction even when Collura attempted to defeat its jurisdiction by removing the federal claims. See id.

*Davis v. Dawgs of St. John, Inc., et al.*
Case No. 3:20-cv-0112
Memorandum Opinion
Page 7 of 8

*Id.* at 184. Thus, even if the Court were to allow Plaintiff's First Amended Complaint to stand as filed, the Court retains jurisdiction over the case. Consequently, the Court will deny Plaintiff's motion to remand.

### B. Defendants' Motion to Dismiss or Strike the Amended Complaint

Defendants reiterate and expand upon the arguments from their opposition to Plaintiff's motion to remand in their motion to dismiss/strike. The Court has expressed, *supra*, its finding that the amendments contained in Plaintiff's First Amended Complaint do not conform to the amendments authorized by the Court in its Mem. Op. and Order (ECF Nos. 73 and 74); thus, the amendments exceed the scope of the Court's order. When the Court orders specific amendments, a party is not free to stray from the limits of the order, and the Court may strike the amended pleading. *See, e.g., Haysbert v. Gov't of the V.I.*, Civil Action No. 2014-0040, 2022 U.S. Dist. LEXIS 30630, at *8 (D.V.I. February 22, 2022) ("A Motion to Strike may be granted, within the Court's discretion, where a plaintiff's amended complaint exceeds the scope of the Order allowing the amendment.") (citing *Brown v. Wolf*, No. 2:16-cv-1081, 2021 U.S. Dist. LEXIS 31968, 2021 WL 4312763, at *15-16 (W.D. Pa. Feb. 19, 2021) and *U.F.C.W Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007) (amended pleadings that exceed the scope of amendment allowed by the court may be stricken under Rule 12(f)); *Benta v. Christie's, Inc.*, Civil Action No. 2013-0080, 2021 U.S. Dist. LEXIS 115075, at *12-13 (D.V.I. June 21, 2021) ("A Motion to Strike may be granted, within the Court's discretion, where a plaintiff's  amended complaint exceeds the scope of the Order allowing the amendment." (citing *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007) and *Dover Steel Co., Inc. v. Hartford Acc. & Indem. Co.*, 151 F.R.D. 570, 575-76 (E.D. Pa. 1993)); *Masri v. Cruz*, 17 Civ. 8356 (AT) (KHP), 2019 U.S. Dist. LEXIS 95204, at *6 (S.D.N.Y. June 5, 2019) ("'District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.'" (quoting *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012))) (additional citation omitted). As Defendants correctly observe, the "Court specifically told Plaintiff what amendments were acceptable and what changes Plaintiff had permission to

make." Reply in Support of Motion to Dismiss or Strike Amended Complaint (ECF No. 94) at 2. The amendments to be incorporated are clear and specific. *See* Mem. Op. (ECF No. 73) at 40.

However, in light of the fact that a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits," Fed. R. Civ. P. 41(b), the Court will not dismiss the amended complaint, but will strike it from the record. Consequently, the Court will grant, in part, and deny, in part, Defendants' motion.

## IV. CONCLUSION

Because the Court properly had subject matter jurisdiction over this proceeding at the time of removal, despite the absence of federal claims in Plaintiff's First Amended Complaint, the Court retains jurisdiction. Hence, the Court will deny Plaintiff's Motion to Remand. Further, based upon the Court's finding that Plaintiff's First Amended Complaint exceeds the scope of the amendments permitted by the Court's Mem. Op. and Order (ECF Nos. 73 and 74), the Court will strike the First Amended Complaint and will order Plaintiff to file an amended complaint that conforms with the Court's Mem. Op. and Order (ECF Nos. 73 and 74). An appropriate order follows.

**Dated:** July 11, 2023                    /s/ Robert A. Molloy
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**